ROTHMAN, et al v. LIEBERMAN, et al.

Circuit Court, Dade County.

June 30, 1954.

Rohan, Reedy, Flanagan & Jacobs, Miami, for plaintiffs.

Weinkle & Kessler, Miami, for defendants.

CHARLES A. CARROLL, Circuit Judge.

This cause came on to be heard on plaintiffs' motion (presented without notice) to have this court enter an order authorizing and directing the Dade County tax collector to transfer to the plaintiff Adolph Rothman liquor license #1137, which had previously been issued for 1953-54 to the defendant operator of the business, which was the subject of foreclosure in this suit, known as the Herald Grill, located at 201 S. Miami Avenue.

The mortgage which was foreclosed encumbered the business— "including the lease and all transferable licenses."

The business was sold under the foreclosure decree dated May 24, 1954, and was purchased at the foreclosure sale by the two plaintiffs.

The present unsworn motion recites (without documentary proof) that one of the plaintiffs, Gladys Coleman, has sold her interest in the property to the other plaintiff, Adolph Rothman, and the request is that this court order the tax collector to transfer the liquor license to the plaintiff Rothman.

The motion to direct the tax collector to transfer the liquor license is denied, without prejudice.

In the first place, as the tax collector is not a party to this suit, there is no basis for this court to enter an order requiring him to do anything.

Secondly, there may be administrative procedures with respect to the purchaser of such a business requiring compliance before he personally may be granted a liquor license. The laws and reasonable regulations relating to transfer of licenses must be complied with, and it would indeed be a highhanded undertaking for this court arbitrarily to direct transfer of a liquor license because of the sale of a business through foreclosure—in the absence of a hearing at which the tax collector (or the state of Florida) was represented and given an opportunity to be heard on the matter.